IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARTHUR CONNER,

                                      ORDER

            Petitioner,

                                    12-cv-8-bbc
                                    07-cr-31-bbc

      v.

UNITED STATES OF AMERICA,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court are motions filed by petitioner Arthur Conner in two different, but related, cases. In the first case, 07-cr-31, he seeks further modification of a sentence imposed upon him in 2007 and subsequently reduced in 2010. In the second case, filed in 12-cv-8, he asks leave to reopen the unsuccessful motion for post conviction relief he filed in 2012, contending that "extraordinary circumstances" justify the reopening. Both motions will be denied because petitioner has failed to show that he is entitled to any further modification of his sentence or that he is entitled to post conviction relief.

      In 2007, petitioner Arthur Conner and two co-defendants were charged with distributing at least 1.5 kilograms of cocaine base, in violation of 18 U.S.C. § 841(a)(1). Petitioner was found guilty at trial and sentenced to a term of life imprisonment. After he appealed, the court of appeals affirmed his conviction. However, it ordered resentencing in light of the intervening decision in <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007),

directing sentencing courts to consider "impos[ing] a sentence sufficient, but not greater than necessary," to accomplish the sentencing goals advanced in § 3553(a)(2). Id. at 111.

Petitioner's resentencing resulted in a reduced term of 300 months, five years below the guideline term of 360 months. Petitioner appealed the revised sentence, but the court of appeals affirmed it on December 2, 2010. 07-cr-31, dkt. #181.

In 2012, petitioner filed a motion for post conviction relief, contending that he had been denied the effective assistance of counsel at trial. 12-cv-8, dkt. #1. Because the motion raised issues of contested fact, an evidentiary hearing was scheduled, with newly appointed new counsel representing petitioner. The evidence adduced at the hearing did not support a finding of ineffectiveness on the part of appointed counsel; instead, it showed that petitioner's claim of ineffectiveness had no factual basis. 12-cv-8, dkt. #43. Judgment was entered for respondent United States on September 26, 2012. Petitioner sought leave to appeal, but his requests for a certificate of appealability were denied by both this court, 12-cv-8, dkt. #53, and the court of appeals. Dkt. #63.

On March 27, 2017, petitioner moved for modification of his revised sentence on the ground that Amendment 782 of the United States Sentencing Guidelines authorized the court to reduce the term of his imprisonment by two levels. 07-cr-31, dkt. #198. In fact, the amendment has no effect on petitioner's sentence because that sentence had already been reduced by more than two levels when it was imposed in 2010, making him ineligible for any additional reduction under Amendment 782. . Accordingly, petitioner's motion for modification of his revised sentence must be denied.

Petitioner filed a second motion on May 15, 17, 12-cv-8, dkt. #198, asking the court to reopen his motion for post conviction relief under 28 U.S.C. § 2255. However, this case has been closed for almost five years and he has failed to show any reason why the court should re-open it, even if it had the authority to do. Accordingly, this motion must be denied as well.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in

forma pauperis.

ORDER

IT IS ORDERED that petitioner Arthur Conner's motion for modification of his sentence, 07-cr-31, dkt. # 198 and his motion to reopen his motion for post conviction relief, 12-cv-8, dkt. #67 are DENIED. No certificate of appealability shall issue.

Entered this 11th day of September, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge